In the Matter of CONTINENTAL AIRLINES, INC., et al., Debtor.

Bankruptcy Nos. 90–932 to 90–980.

United States Bankruptcy Court, D. Delaware.

Jan. 30, 1991.

HEARING ON: ORDER REQUIRING CONTINENTAL AIRLINES, INC., ET AL., TO CURE AND PERFORM AGREEMENTS UNDER SECTION 1110 OF THE BANKRUPTCY CODE

HELEN S. BALICK, Bankruptcy Judge.

The essence of the purpose argument is statutory interpretation and the consideration, if any, that should be given to legislative history. In that context, the Court must look first to the plain language of the statute and interpret it, without being swayed by the emotions of the parties concerned, and consider legislative history only if there is any ambiguity in the statutory language.

As it pertains to the airline industry, Section 1110 of the Bankruptcy Code provides special treatment for certain types of financiers of equipment, as that term is defined in Section 101 of the FAA of 1958. The statute provides for the protection of holders of PMESIs, lessors and conditional vendors in that after 60 days from the date of the order for relief, they are released from any stay or injunction imposed or authorized under any other section of the Bankruptcy Code unless before the expiration of that 60 days, the debtor-in-possession cures all defaults and agrees to perform all obligations as they become due under the instrument which entitles them to be treated as holders of Section 1110 agreements.

The question is whether "sale-leaseback transactions" are included within the term "lessors". That requires an examination of the other two specially treated creditors; that is, an entity holding a purchase money security equipment interest in equipment which it sells to a debtor or a third party that supplies the value to make the purchase of specific equipment and a conditional vendor that sells but retains title to the equipment pending payment of the purchase price.

There is no basis to conclude that the term "lessor" should be construed more broadly than the related terms of PMESI and conditional vendor. By that I mean the sale-leaseback transaction must be an acquisition transaction, which is the kind of transaction embodied in the terms "PMESI" and "conditional vendors" and not a transaction that smacks of a general mortgage.

It is possible that a sale-leaseback arrangement could be part of an acquisition transaction. To illustrate: Continental may have arranged to buy from McDonnell Douglas specific equipment and at the same time sold that equipment to a financier that in the same transaction leased back that equipment to Continental. That is the kind of sale-leaseback transaction that may be included in the term "lessors." But if it is not a package deal, it is not included.

In reaching the conclusion that the transaction must be one involving acquisition, I have noted that in 1957 the Bankruptcy Act was amended by Section 116, subsection 5 for the purpose of facilitating borrowings by airlines for financing reequipment re-

quirements or acquisition. That idea is the one carried forward into Section 1110 of the Bankruptcy Reform Act of 1978.

I will request that counsel settle an order in accordance with my comments.

It is so Ordered.